UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60806-Civ-COOKE/TURNOFF

IN RE ARNOLD MENDE

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

THIS MATTER is before me on Defendant's Motion to Dismiss (ECF No. 68). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, Defendant's Motion is denied.

**I. BACKGROUND**

The procedural history of this case is long, dating back to 2003. However, because it is relevant to the issues presented in Defendant's Motion, I will provide a brief synopsis here. On October 28, 1996, the U.S. Internal Revenue Service ("IRS") assessed Edward J. Davis and Arnold Mende with trust fund liabilities for their willful failure to collect, account for, and pay over income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of General Ship Corporation's ("GSC") employees. (Am. Compl. ¶ 4). The IRS also assessed GSC trust fund liabilities against Edward J. Davis, a GSC officer. On August 20, 2003, Mr. Davis filed suit in the U.S. District Court for the District of Massachusetts (the "GSC case") seeking a $381.42 refund and a determination that he was not liable for the tax penalty. The United States filed a counterclaim against Mr. Davis and added a claim against Arnold Mende seeking certain judgments against them.

On March 17, 1997, the IRS assessed Mr. Mende with trust fund liabilities for his willful failure to collect, account for, and pay over income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of General Ship Acquisition Corporation's ("GSAC")

employees. (Am. Compl. ¶ 8).  The IRS also assessed GSAC trust fund liabilities against Edward J. Davis, a GSC officer.  On October 27, 2006, the United States filed a separate action against Messrs. Davis and Mende in the U.S. District Court for the District of Massachusetts, seeking 149,285.00, plus interest from August 17, 2006.[1]

The parties engaged in discovery in both actions.  On September 27, 2006, the court referred the GSC case to alternative dispute resolution.  (ECF No. 19).  On September 28, 2006, the court entered a Settlement Order of Dismissal, dismissing the case without prejudice and permitting any party to move to reopen the case within 120 days if a settlement was not consummated.  (ECF No. 20).  The United States moved, unsuccessfully, to vacate this Order on two different occasions.  On October 27, 2006, the United States filed the GSAC case.  However, on December 4, 2008, the Court dismissed the GSAC case for want of prosecution.  (Case No. 11-60807, ECF No. 5).

Meanwhile, the parties continued to mediate before Magistrate Judge Judith Gail Dein.  On or around June 2010, the United States and Mr. Davis reached a settlement.  On September 21, 2010, Judge Dein reported to presiding Judge Stearns that further efforts to settle the cases as to Mr. Mende would unlikely be productive and recommended restoring the cases as to Mr. Mende to the court's trial calendar.  On October 1, 2010, the court issued a trial order in the cases as to Mr. Mende.  (Case No. 11-60807, ECF No. 14; Case No. 11-60806, ECF No. 38).  Due to Mr. Mende's failing health, on March 16, 2011, the cases were transferred to this Court.  On May 30, 2011, I consolidated the cases under Case No. 11-60806.

Mr. Mende now seeks to dismiss this case on the grounds that (i) it is barred by the statute of limitations, (ii) the IRS unreasonably delayed in pursuing the cases against him, and has been severely prejudiced by the IRS's delay because he was diagnosed with T-Cell melanoma; and (iii) the United States has engaged in misconduct.

---

[1] The United States also reiterated the claims in the GSC case in this separate action.

## II. Legal Standard

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

When considering a motion to dismiss filed under Rule 12(b)(6), the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

## III. Analysis

Mr. Mende's first ground for dismissal is that the action is barred by the statute of limitations. Mr. Mende makes a related argument that the court improperly reopened the cases after the statutory period ran.

The United States must initiate a proceeding to collect assessed taxes within ten years after the assessment of the tax. 26 U.S.C. § 6502(a). The IRS assessed the GSC taxes on October 28, 1996, and initiated the proceeding to collect those taxes on October 6, 2004, when it filed its Counterclaim. The IRS assessed the GSAC taxes on March 17, 1997, and initiated the proceeding

to collect those taxes on October 27, 2006. The IRS initiated both actions before the limitations period expired. Further, the court's reinstatement of the cases after the alternative dispute resolution process concluded, and before transfer to this Court, was not an initiation of a new action; rather it constituted a reopening of the original action. *See Peterson v. BMI Refractories*, 132 F.3d 1405, 1414 (11th Cir. 1998); *Ford v. Sharp*, 758 F.2d 1018, 1024 (5th Cir. 1985). Thus, the cases are not time-barred. Further, the court properly re-opened the cases and placed them on the court's trial calendar after the magistrate judge concluded mediation proceedings and informed the court that she did not believe further mediation with Mr. Mende would be fruitful. The district court judge determined that good cause existed to re-open the cases; I will not disturb that determination.

Mr. Mende's second ground for dismissal is that the IRS unreasonably delayed in pursuing the cases against him. The IRS filed the cases within the statutory period. Generally, a defense of laches will not bar a suit that has been filed within the statute of limitations period. *See Merck & Co. v. Reynolds*, 130 S. Ct. 1784, (2010) ("Laches within the term of the statute of limitations is no defense at law" (quoting *United States v. Mack*, 295 U.S. 480, 489 (1935))). At this stage of litigation, having no evidence before me, I cannot determine whether such a defense may be applicable.

To the extent Mr. Mende argues that this litigation has been unreasonably delayed, I find that such arguments lack merit. The court sent the cases to mediation before the magistrate judge. Mediation proceedings occurred from around September 2006 through June 2010. Mediation began on December 21, 2006. Between December 2006 and June 2010, Magistrate Judge Dein held over forty alternative dispute resolution hearings in these cases. A review of the record shows that Mr. Mende never sought, and even opposed, reopening the cases during this period. As soon as the Magistrate Judge completed proceedings, the cases were reinstated and placed on the court's

calendar. Although these cases have been pending for some time, I cannot find that there has been any unreasonable delay on the part of the court or the parties.

Finally, Mr. Mende appears to argue that the United States engaged in misconduct by ignoring evidence that Mr. Davis engaged in fraudulent activity, delaying in turning over documents that suggested fraud, refusing to turn over its settlement agreement with Mr. Davis, and making some kind of nefarious deal with Mr. Davis in exchange for testifying against Mr. Mende in this case. Mr. Mende's concerns about not receiving relevant documents are more properly resolved through a motion to compel. Further, on a motion to dismiss, I am limited to considering the complaint and any incorporated exhibits. Consideration of Mr. Mende's claims of government misconduct would therefore be inappropriate at this stage of litigation.

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss (ECF No. 68) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 15th day of December 2011.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*
*Arnold L. Mende, pro se*
3500 Galt Ocean Drive #1408
Fort Lauderdale, FL 33308

5